## MEYER a. THE CITY OF LOUISVILLE.

*Supreme Court, First District; General Term, June*, 1858.

APPEAL.—JUDGMENT OF REVERSAL.

If, on appeal to the general term from a judgment, rendered on a verdict of a jury or on a trial by the court or referees, is reversed upon the ground of error at the trial, the general term cannot render a judgment in favor of the appellant.

A judgment in favor of the appellant in such case may, on motion, made at general term, be corrected so as simply to reverse the judgment below, and order a new trial.

It *seems*, however, that an affirmative judgment for the appellant might be rendered where the facts have been duly found, and the only question which arises is, which party is entitled to judgment.

Motion to correct a judgment of the general term.

By THE COURT.—INGRAHAM, J.—Upon the trial of this cause before a single justice without a jury, the court rendered judgment for the defendants.

The plaintiffs appealed to the general term, and the court reversed the judgment appealed from, and rendered judgment for the plaintiffs.

A motion is now made to correct the judgment so rendered, and to order a new trial instead of judgment for the plaintiffs.

This involves the question, whether the general term can, in reviewing a judgment rendered on a verdict of a jury or on a trial by the court or referees, render a judgment in favor of the appellant.

In Astor *v.* L'Amoureaux (4 *Sandf.*, 524), the Superior Court in general term reversed a judgment, rendered upon the verdict of a jury, and ordered judgment for the appellant.

In that case Justice Duer says : " We can perceive no reason for subjecting the parties to a new trial which we know must result in the same judgment that we are now ready to pronounce."

On appeal to the Court of Appeals (4 *Seld.*, 107), it was held that " the Superior Court erred in reversing the judgment, and ordering a final judgment for the defendant. It should have ordered a new trial, which was all it was authorized to do."

In Marquat *a.* Marquat (2 *Kern.*, 340), the general term of the Supreme Court, instead of ordering a new trial, reversed the judgment at special term, and ordered judgment for the defendant and dismissal of the complaint.

The court there say : " Where the facts are ascertained by a special verdict, or any other form of finding allowed by the law, the question, which party is entitled to judgment, arises upon appeal, and a judgment disposing of the whole case may be given at the general term. But when the case is brought for review to the general term, upon an allegation of error in the trial, in the process of ascertaining the facts, the only judgment which can properly be given for the appellant, is one ordering a new trial. See also Cobb *a.* Cornish (6 *Ante*, 130).

There is one other case where the Court of Appeals has ordered judgment for the appellant, which was the fact in the case last cited, viz., where the judgment of the special term was reversed by the general term. On an appeal from that decision, the Court of Appeals held that they could reverse the judgment of the general term, and affirm the judgment of the special term.

·The order made at general term must be amended so as to direct a new trial; costs to abide the event.

---

## WASHBURN *a.* FRANKLIN.

*Supreme Court, First District ; Special Term, June,* 1858.

PLEADING.—CONTRACTS REGULATED BY STATUTE.

In an action on a contract, the form or the making of which is regulated by statute,—*e. g.*, a contract for the sale of stock under 1 Revised Statutes, 710,—it is not necessary to plead the circumstances of compliance with the statute relied on to take the case out of its operation.*

Whether a contract, valid at common law, but prohibited by statute, and entered into while the prohibiting statute is in force, is made valid by a repeal of that statute,—*Query ?*

Demurrer to complaint.

The action was brought to recover damages against the defendant for not fulfilling a contract for the purchase from plaintiff of certain stock. The time of the making of the alleged agreement was prior to the passage of the act of 1858 (*Laws of* 1858, 251, *ch.* 134), repealing the statute prohibiting stock-jobbing (1 *Rev. Stats.*, 710). The complaint did not aver that the plaintiff was, at the time of making the agreement, the owner of the stock, or in possession of it, nor that the agreement was in writing.

The defendant demurred, and specified these as the grounds of his objections to the complaint.

———— ————, for the plaintiff.

*Charles T. Sanford,* for the defendant.—I. Even though prior to the repeal, ownership or possession, and a written agreement, would be necessary to make the contract valid, yet it was unnecessary to aver, in pleading, such facts, relied on to take the

---

* See the authorities on this point collected in *Abbotts' Forms of Pleadings,* 80, *note* (*e*), 151, *note* (*f*).